Fred J. Munder, J.
Plaintiff on this motion asks that the defendant be adjudged in contempt for failure to pay alimony in the sum of $80 per week awarded in a judgment of separation; (2) that he be required to post a bond to secure the payment of the future alimony installments; (3) that the plaintiff be awarded judgment for the unpaid alimony in the sum of $3,194; (4) that a counsel fee of $150 be awarded to her attorney for this motion, and (5) that she be awarded $1,500 for counsel fees in responding to the defendant’s appeal from the separation judgment — all this from a man whose present take-home pay averages $63.63 a week.
There are many conclusory allegations in the affidavits of plaintiff and her attorney, but there is no evidence that the defendant actually earns more than he states. On the contrary, it'appears that a Children’s Court support order was procured by the plaintiff against the defendant, which, presumably after the independent investigation of that court, was based on defendant’s present income. The newspaper “ Help Wanted ” advertisements are insufficient, and also improper, proof of the defendant’s ability to earn.
Thus we are faced with an impossible situation of an order to pay more than the defendant earns, and a request to the court to punish the defendant for failing to comply. It is said that this court should not modify the original order because it was an adjudication after trial and further, that a prior application for modification was denied by this court, per Mr. Justice *535 Ritchie. Mr. Justice Ritchie simply decided that the matter of modification should await the determination of the defendant’s appeal of the original adjudication, but there was no request to punish the defendant when that decision was made. As to the original adjudication, it may have been and probably was warranted under the proof then before the court, but this application is made in the light of the present circumstances.
There being no satisfactory proof before me that the defendant is deliberately avoiding his obligation, or that he has unreasonably refused employment so as to decrease or delimit his income, or that his earnings are actually greater than he shows, I cannot justify the continuation of an order which he cannot possibly meet and which, perforce, must subject him to contempt proceedings.
On the present application, the matter of the alleged transfers of property, real and personal, to the defendant’s mother will not be considered. As stated by Mr. Justice Ritchie, on the sequestration application, the propriety of those alleged transfers is to be determined in a separate action. Until so determined the reference to it in the matrimonial action can only serve to prejudice the court and that is improper.
The defendant, however, may not be relieved of his default to date. His remedy was to secure a modification of the prior order. While it remained in force it must be obeyed. Therefore the defendant will be adjudged in contempt for his default on the order to date. I will not direct the entry of judgment but will fine the defendant the amount in default and permit him to purge himself by paying $10 per week on account of the fine in addition to his current alimony.
The amount of the future payments for alimony and the support of the children will be reduced to $30 per week.
The request for counsel fees on the instant application is denied, and the request for fees to enable plaintiff to respond to defendant’s appeal is left to the discretion of the Appellate Division.
The motion is granted to the extent herein indicated.
Submit order accordingly.